UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE RICHARDS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-0273** |
| **LT. RHONDA WALLACE, ET AL.** | **SECTION "B"(4)** |

## REPORT AND RECOMMENDATION

Before the Court is a **First Motion to Dismiss for Failure to State a Claim (ECF No. 9)** filed by defendant Louisiana State through the Louisiana Department of Public Safety and Corrections ("DPSC") seeking dismissal of plaintiff Eddie Richards's ("Richards") claims under 42 U.S.C. § 1983. Also pending before the Court is a **Motion to Strike and Remand Pleadings to State Court (ECF No. 16)** and a **Second Motion to Strike (ECF No. 18)** filed by Richards seeking removal of his claims to state court. Richards also filed a **Motion for Judgment on Pleadings (ECF No. 25)** where he requested that the Court make a ruling on his pending motions.

The motions and underlying matter were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2). Richards did not file an opposition to DPSC's motions. DPSC did file an opposition to Richards's motion to strike. ECF No. 19. No party requested oral argument in accordance with Local Rule 78.1. The Court agrees that oral argument is unnecessary.

I.  **Background and Procedural History**

   A.  **Removal by DPSC**

DPSC submitted the above captioned suit after filing a notice of removal from the 22nd Judicial District Court located in Washington Parish, Louisiana. ECF No. 1 at 1. In their notice,

DPSC asserts that the pending matter involves federal questions and as such, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *Id*. at 1-2. The plaintiff, Eddie Richards ("Richards"), is an inmate housed at Rayburn Correctional Center in Angie, Louisiana. ECF No. 1-2 at 9. In his petition, Richards invokes multiple state law tort claims arising from an incident where he was pushed out of his wheelchair while at the facility. *Id*. at 1-8. DPSC claims that Richards invokes subject matter jurisdiction based upon Richards's allegations that his rights under the 1st, 4th, and 8th Amendment of the United States Constitution have been violated by DPSC and that Richards brings this suit pursuant to 42 U.S.C. § 1983. ECF No. 1 at 1-2.

Richards previously filed suit in this jurisdiction pursuant to 42 U.S.C. § 1983 on June 11, 2024, where he asserted federal and state law claims arising from the same incident against defendants Lt. Rhonda Wallace, Lt. McMurray, Secretary James LeBlanc, Warden Travis Day, Nurse Reed Wallace, Louisiana State, and Medical Director Wheat. *Richards v. Wallace et al.*, Civ. Action No. 24-1529 "J"(4). On August 22, 2024, Richards's § 1983 claims were dismissed with prejudice as frivolous and the Court dismissed his state law claims by declining to exercise supplemental jurisdiction. Civ. Action No. 24-1529, at ECF No. 7. On December 26, 2024, Richards filed the current petition for damages and personal injury in state court against defendants Lt. Rhonda Wallace, Lt. Henry McMurray, Rayburn Correctional Center, and Louisiana State. ECF No. 1-1 at 1, 9. DPSC subsequently filed a notice of removal and removed the matter from state to federal court on February 7, 2025. ECF No. 1 at 1.

### B.    DPSC's Rule 12(b)(6) Motion to Dismiss (ECF No. 9)

Pursuant to FED. R. CIV. P. 12(b)(6), DPSC generally moves to dismiss Richards's § 1983 claims against them for failure to state a claim for which relief can be granted. In their motion to dismiss, DPSC asserts that to survive a motion to dismiss a complaint must contain sufficient

factual matter that, accepted as true, "must state a claim to relief that is plausible on its face." ECF No. 9-1 at 4. They state that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In support of dismissal, DPSC asserts that they are not subject to suit under § 1983 as DPSC is named in its official capacity and, therefore, as an arm of the State is not considered a "person" capable of suit under § 1983. ECF No. 9-1 at 7. As an alternative argument, DPSC contends they cannot be liable under § 1983 for supervisory liability, stating that officials cannot be held responsible "under any theory of respondeat superior or simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights" unless the official issued an order or implemented an unconstitutional policy that causally resulted in plaintiff's injury. *Id*. at 7-8. DPSC contends that Richards did not allege and cannot substantiate that he suffered injury as a result of any order, policy, or directive implemented by DPSC. *Id*. at 8. DPSC states Richards does not assert DPSC was personally involved in or made aware of the events giving rise to his claims. *Id*. at 9.

As for Richards's state law claims of battery and intentional infliction of emotional distress, DPSC contends that Richards's failure to establish supervisory liability on the part of DPSC and his failure to meet the required elements of each claim entitles them to dismissal. ECF No. 9-1 at 9-11. DPSC also asserts that Richards's failure to allege an ongoing constitutional violation and failure to identify a statutory provision that allows the recovery of punitive damages for his state law claims does not entitle him to injunctive or punitive relief. *Id*. at 14-15.

### C.     Richards's Motion to Remand (ECF Nos. 16, 18)

Following DPSC's removal, Richards filed two motions requesting that his claims be remanded back to state court. ECF No. 16; ECF No. 18. In his motion to remand, Richards contends that he originally filed a lawsuit in federal court raising his federal and state claims. ECF No. 16 at 2. As a result of the dismissal of his federal claims, the Court declined to exercise supplemental jurisdiction over his related state law claims and dismissed them without prejudice. *Richards v. Wallace et al.*, Civ. Action No. 24-1529, at ECF No. 7. Richards proceeded to file suit in state court to assert his state law claims, paid the appropriate filing fees, and served the defendants. ECF No. 16 at 6. Richards contends the Court has no subject matter jurisdiction over his case. *Id*. at 2. As relief, Richards requests that the matter be remanded at the costs of defendants. *Id*. at 7.

In their opposition, DPSC claims that Richards's motion to remand is untimely. ECF No. 19 at 3. DPSC states that the notice of removal was February 7, 2025, making the thirty-day deadline for Richards to file his motion to remand the proceedings March 10, 2025. *Id.* DPSC asserts that the motion to remand was not filed until March 14, 2025. *Id.* Therefore, DPSC asserts that even if the removal was improper, Richards waived his right to contest any procedural defect by not abiding by the thirty-day deadline and his motion must be dismissed. *Id.* Additionally, DPSC maintains that the Court has jurisdiction over Richards' claims and requests that the Court dismiss them with prejudice. *Id*. at 7.

### D.     Striking the Complaint

Given the basis of Richards's motion to remand, the Court issued an order to clarify Richards's intent behind his motion. ECF No. 22 at 1. The Court noted that it appeared Richards is trying to establish that he does not want to re-assert any previously disposed of federal law

4

claims. *Id*. Despite his intentions, the Court acknowledged that there are several instances throughout Richards's complaint that unintentionally invoke constitutional and § 1983 claims due to the language being used. *Id.* For example, in Richards's complaint he alleges that he is suing all defendants in their individual and official capacities and that they were acting under the color of state law. ECF No. 1, ¶6-8, at 8-9.

Richards also states that all defendants were acting under the color of state law when they violated his constitutional rights. ECF No. 1, ¶9, at 9. Additionally, he alleges that he was denied adequate medical care and treatment and that the prison officials' conduct was with malice and callous indifference to his rights. *Id*., ¶13, at 10; *id*., ¶21, at 12. Richards asserts that it is unconstitutional for prison officials to dump a man out of his wheelchair. *Id*., ¶18, at 11. Finally, as part of his requested relief, Richards requests punitive damages and attorney's fees which could invoke federal question jurisdiction if interpreted as seeking remedies specific to § 1983 as opposed to remedies under state law. *Id*., ¶24, at 13. Each of these instances could invoke constitutional or § 1983 claims and corresponding relief despite Richards's intention to pursue only state law claims and corresponding damages. As a result, the Court requested clarification on whether Richards is asking the Court to strike his complaint to remove the pertinent language that would give rise to any allegations of purported constitutional or § 1983 violations and their subsequent relief. ECF No. 22 at 1.

In his response to the Court's order, Richards stated that he is removing "any and all claims" raised in his suit that would give rise to any claims or issues under 42 U.S.C. § 1983 or other constitutional violations. ECF No. 23 at 1. Given that striking the relevant portions no longer invokes federal jurisdiction, Richards requests that the matter be remanded back to state court. *Id*. at 2.

## II. Standards of Review

### A. Motions Under FED. R. CIV. P. 12(b)(6)

Under FED. R. CIV. P. 12(b)(6), the Court may dismiss a complaint if it fails to state a claim upon which relief may be granted. To survive a motion to dismiss, the plaintiff must plead in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Moreover, "'[f]actual allegations must be enough to raise a right to relief above the speculative level,'" and "[t]he plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Guidry*, 512 F.3d at 180 (quoting *Bell Atl. Corp.*, 550 U.S. at 570). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

To determine whether a complaint states a claim that is plausible on its face, the Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, as stated above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp.*, 550 U.S.

at 570). For a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. See *Id*.

The United States Fifth Circuit Court of Appeals has held that, when reviewing *pro se* complaints, the court must employ less stringent standards while still guided by the *Iqbal* pleading requirements. *High v. Karbhari*, 774 F. App'x 180, 182 (5th Cir. 2019). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). In *Taylor v. Gibson*, the Court further explained this standard in the prisoner context:

> It is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided [to] the prisoner to develop his case at least to the point where any merit it contains is brought to light.

529 F.2d 709, 713 (5th Cir. 1976). Because of this, before dismissing a prisoner complaint under Rule 12(b)(6), a district court ordinarily should give the *pro se* litigant an opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *accord Bruce v. Little*, 568 F. App'x 283, 285 (5th Cir. 2014).

### B.   Subject Matter Jurisdiction

A defendant may remove a state civil case to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). The burden of proving that federal jurisdiction exists rests on the removing party. *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961). "Any ambiguities...should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized

by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Unless the Court has diversity jurisdiction, a defendant may remove a case from state to federal court only if the case could have originally been filed in federal court. *Halmekangas v. State Farm Fire & Casualty Co.*, 603 F.3d 290, 295 (5th Cir. 2010) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Accordingly, a federal court must remand a case back to state court (1) if there was a procedural defect rendering removal improper and the moving party raises the defect within thirty days of removal or (2) if the court lacks subject matter jurisdiction. 28 U.S.C. § 1447; *see also BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 470 (5th Cir. 2012). Because removal jurisdiction implicates federalism concerns, "[a]ny doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (internal quotation marks omitted) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).

**III.    Discussion**

    **A.    Timeliness**

DPSC argues that Richards's motion for remand must be denied because it is untimely. DPSC states the thirty-day deadline for Richards to file a motion for remand after notice for removal was on March 10, 2025. Richards's motion was not filed until March 14, 2025. ECF No. 16. DPSC's position is incorrect.

In *Houston v. Lack*, the Supreme Court established a bright-line "mailbox rule" for pro se prisoners holding that prisoner filings were filed the moment they are delivered to prison officials. 487 U.S. 266, 270 (1988). Without a mailbox rule, prisoners acting pro se would be unduly prejudiced in their attempts to exercise their rights under the law as they are "[u]nskilled in law,

unaided by counsel, and unable to leave the prison[.]" *Houston,* 487 U.S. at 266. The Supreme Court acknowledged that a prisoner's control over the processing of their filing "necessarily ceases as soon as he hands it over to the public officials to whom he has access – the prison authorities – and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice." *Id*. at 271-72. The mailbox rule also pretermits time-consuming examinations of the circumstances behind any delay in the delivery of prisoner filings to the applicable court of clerk. *Id*. at 275-76.

Here, Richards had until March 10, 2025, to file his motion to remand after DPSC's filing of their notice of removal. While the Clerk of Court did not receive Richards's filing until March 14, 2025, the envelope containing the motion was stamped as received by prison officials at Rayburn Correctional Center on March 10, 2025. ECF No. 16 at 9. Given that the date of filing is based on when prison officials received Richards's filing, his motion for remand was timely filed on March 10, 2025.

    **B.**    **Remand**

DPSC contends that removal of Richards's claims from state to federal court was proper as his complaint invokes constitutional claims involving § 1983. Richards counters that his claims were already adjudicated in federal court in his prior suit, and requests that the suit be remanded back to state court.

It is clearly established that the plaintiff is "the master of the complaint" and controls much about his suit. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). A plaintiff's control over those matters extends beyond the time the complaint is initially filed. If a plaintiff amends the complaint, the new pleading supersedes the old one and "a cause proceeds on the amended petition." *Washer v. Bullitt County*, 110 U.S. 558, 562 (1884). Changes in parties or changes in

claims can effectively remake a suit, including its jurisdictional basis. *Royal Canin U.S.A., Inc. v. Wullschleger,* 604 U.S. 22, 35 (2025). "This reconfiguration accomplished by an amendment may bring the suit either newly within or newly outside a federal court's jurisdiction." *Wullschleger,* 604 U.S. at 35-36.

In *Royal Canin U.S.A., Inc., v. Wullschelger*, the defendant removed a case from state to federal court that invoked both federal and state law claims. 604 U.S. 22 at 28. The plaintiff amended her complaint to delete every mention of her federal law claims leaving only the remaining state law claims and petitioned the district court to remand the case to state court. *Id*. at 29. The Supreme Court held that "when an amendment excises federal law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims" and, therefore, the case must be remanded to state court. *Id*. at 25-26. The Court noted in the "superseding pleading, the state-law claims are just state law claims, outside § 1376(a)'s purview." *Id*. at 34. "If nothing in the amended complaint now falls 'within [the federal court's] original jurisdiction,' then neither does anything fall within the court's 'supplemental jurisdiction.' *Id.* (quoting 28 U.S.C. § 1367(a)). Thus, the correct action to be taken by the federal district court was to remand the suit to state court. *Id.* at 43.

Richards brought federal claims arising from the same incident in question here in a prior suit that was dismissed with prejudice. As summons was never issued to the defendants in that case, DPSC would likely have been unaware of the existence of the prior suit at the time of removal. Despite his intention to only bring his remaining claims in state court, due to the language used by Richards in his complaint, DPSC removed the case to federal court. However, Richards has indicated his intention to delete any verbiage or claims that give rise to constitutional claims

10

from his complaint. Given that Richards as the plaintiff is the master of his own pleading, the Court strikes the following pertinent sections from his complaint.

First, where Richards alleges all defendants are being "sued in their individual and official capacity" and all defendants "were acting under the color of state law." ECF No. 1-2, ¶6-8, at 3-4. Second, where he states "all defendants were acting under the color of state law when they violated plaintiff's constitutional rights." *Id*., ¶9, at 4. Third, that he was "denied proper and adequate medical care and treatment and at this prison" and that officials' conduct "was with malice and reckless or callous indifference to the rights of plaintiff." *Id*., ¶13, at 5; *id*., ¶21, at 7. Fourth, where he asserts it is "illegal, unlawful, and unconstitutional for prison officials to dump a man out of his wheelchair." *Id*., ¶18, at 6. Finally, where as part of his requested relief, Richards requests "punitive damages against all defendants" and "attorney's fees" which could invoke federal question jurisdiction if interpreted as seeking remedies specific to § 1983 as opposed to remedies under state law. *Id*., ¶24, at 8.

By striking the complaint to remove all pertinent sections invoking federal jurisdiction as requested by Richards, the Court loses subject matter jurisdiction and any supplemental jurisdiction over Richards's state law claims. Thus, it is recommended Richards's remaining claims should be remanded to state court consistent with this opinion.

## IV.   RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Eddie Richards's **Motion to Strike and Remand Pleadings to State Court (ECF No. 16)** be **GRANTED** and the case be **REMANDED** to the 22nd Judicial District Court of Washington Parish, Louisiana,

**IT IS FURTHER RECOMMENDED**, that defendant Louisiana State's, through the Louisiana Department of Corrections and Public Safety, **First Motion to Dismiss for Failure to**

**State a Claim (ECF No. 9)**, Richards's **Second Motion to Strike (ECF No. 18)**, and Richards's **Motion for Judgment on Pleadings (ECF No. 25)** be **DENIED** as **MOOT** as no federal law claims remain for the Court to have subject matter jurisdiction over and all motions have been disposed of.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 14th day of July, 2025.

          **KAREN WELLS ROBY**
          **UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.